[No. 9052.    Department One.    February 10, 1911.]

ALTHAN ALDRICH et al., *Respondents*, v. INLAND EMPIRE TELEPHONE & TELEGRAPH COMPANY, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR. A verdict in favor of defendants cures error in refusing to sustain a challenge to the sufficiency of the evidence.

MALICIOUS PROSECUTION—MALICE—EVIDENCE — SUFFICIENCY.    In actions against a corporation and its president for malicious prosecution, a finding of malice on the part of the corporation, although none was found against the president, is warranted, where it appears that he did not become president until long after the occurrence, other officers did not report all the facts to him, and he fully reported to the prosecuting attorney all the facts within his knowledge.

SAME—TRIAL—JUDGMENT—JOINT TORT FEASORS. In actions for malicious prosecution against a corporation and its president, a verdict and judgment for the president does not exonerate the corporation where the prosecution was directed by the trustees

SAME—DAMAGES—COSTS OF DEFENSES. In an action for malicious prosecution, the cost of a transcript, paid after discharge, cannot be recovered as a necessary expense incurred in making plaintiff's defense.

SAME—PROBABLE CAUSE—EVIDENCE—ADMISSIBILITY. In an action for malicious prosecution, the admission in evidence of the magistrate's reasons for discharging the plaintiffs is prejudicial error, where want of probable cause is not conceded.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered August 11, 1910, upon verdicts of a jury rendered in favor of the plaintiffs, upon the trial of consolidated actions for malicious prosecution. Reversed.

*Hayden & Langhorne*, for appellant, contended, among other things, that the institution of a criminal action in good faith, for probable cause, and upon advice of reputable counsel, excuses a plaintiff from liability for damages in an action for malicious prosecution. 1 Am. & Eng. Ency. Law (2d

[1]Reported in 113 Pac. 264.

ed.), p. 809; 19 Am. & Eng. Ency. Law (2d ed), pp. 685, 687; Newell, Malicious Prosecution, 317, 318; Cooley, Torts, 211, 213; *Jordan v. Alabama G. S. R. Co.*, 81 Ala. 220, 8 South. 191; *Poupard v. Dumas*, 105 Mich. 326, 63 N. W. 301; *Bartlett v. Brown*, 6 R. I. 37, 75 Am. Dec. 675; *Alexander v. Harrison*, 38 Mo. 258, 90 Am. Dec. 431; *Le Clear v. Perkins*, 103 Mich. 131, 61 N. W. 357, 26 L. R. A. 627; *Murphy v. Larson*, 77 Ill. 172. The advice of a prosecuting attorney, under the circumstances shown in this case, is an absolute defense. *Simmons v. Gardner*, 46 Wash. 282, 89 Pac. 887; *Hicks v. Brantley*, 102 Ga. 264, 29 S. E. 459; *Smith v. Austin*, 49 Mich. 286, 13 N. W. 593; *Wicker v. Hotchkiss*, 62 Ill. 107, 14 Am. Rep. 75; *Huntington v. Gault*, 81 Mich. 144, 45 N. W. 970; *Johnson v. Miller*, 69 Iowa 562, 29 N. W. 743, 58 Am. Rep. 231; *Anderson v. Friend*, 71 Ill. 478; *Van Meter v. Bass*, 40 Colo. 78, 90 Pac. 637, 18 L. R. A. (N. S.) 50; *Ton v. Stetson*, 43 Wash. 471, 86 Pac. 668. The verdict acquitting the defendant Warren precludes any judgment against the appellant telephone company. *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; *Friend v. Ralston*, 35 Wash. 422, 77 Pac. 794; *Stevick v. Northern Pac. R. Co.*, 39 Wash. 501, 81 Pac. 999; *Sipes v. Puget Sound Elec. R. Co.*, 54 Wash. 47, 102 Pac. 1057; *Morris v. Northwestern Improvement Co.*, 53 Wash. 451, 102 Pac. 402. The admission in evidence of the magistrate's reasons for discharging the plaintiffs was prejudicial error. *Anderson v. Keller*, 67 Ga. 58; *Dempsey v. State*, 27 Tex. App. 269, 11 S. W. 372, 11 Am. St. 193; *Richards v. Foulke*, 3 Ohio 52; *Chapman v. Dodd*, 10 Minn. 350; *Larrence v. Lanning*, 2 Ind. 256; *Burr v. Place*, 4 Wend. (N. Y.) 591; *Thompson v. Richardson*, 96 Ala. 488, 11 South. 728.

*Frank H. Kelley*, for respondents.

FULLERTON, J.—On April 1, 1909, A. R. Warren, who was then president of the appellant, Inland Empire Telephone & Telegraph Company, subscribed and swore to a complaint

charging the respondents with the crime of grand larceny, the specific acts being the taking and carrying away of some two thousand feet of submarine cable of the value of two hundred dollars, the property of the company above named. The complaint was filed in a justice's court of King county, and a warrant issued against the respondents, under which they were arrested and brought before the justice's court for an examination. After a hearing they were discharged, the justice of the peace finding that there was not probable cause for believing that any crime had been committed. The respondents thereupon began the present actions against the appellant and A. R. Warren, charging them with malicious prosecution. The actions were tried together and resulted in verdicts for each of the respondents in the sum of two hundred dollars against the appellant alone, the jury finding in favor of Warren. A judgment was entered on the verdicts, and this appeal taken therefrom.

Error is assigned upon the refusal of the court to sustain the appellant's challenge to the sufficiency of the evidence to sustain the verdict. It is said there was no proof of malice on the part of either of the defendants, and for that reason the challenge should have been sustained. In so far as the defendant Warren is concerned, we have been unable to discover anything in the record that would indicate malice on his part in the instigation of the prosecution, but the jury found in his favor, and the verdict corrects any error the court may have committed in refusing to sustain the challenge made on his behalf. But with respect to the appellant, the facts are not quite the same, Mr. Warren did not become president of the appellant until long after the happening of the transaction which gave rise to the prosecution, and his knowledge of the facts thereof was almost wholly, if not entirely, hearsay. But there were other officers of the company who counseled the prosecution who did have knowledge of facts which they did not impart to the president, and which tended to put a different phase on the acts of the respondents

than were put thereon by the facts they did impart to him. Whether these officers failed to impart these facts to the president out of malice towards the respondents, and whether this malice was imputable to the appellant, we think were questions for the jury. So with regard to the contention that the facts were fully and fairly stated to the prosecuting attorney of King county and the prosecution begun on his advice. It seems clear that the president did state to the prosecuting attorney all the facts within his knowledge, but, as we say, all the facts within the knowledge of the company were not reported to him, and hence were not all stated to the prosecuting attorney. This failure was due to the fault or carelessness of other officers of the company who owed a duty to make all of the facts known. This fault could be imputed to the appellant, and warrants a finding by the jury in favor of the president while finding the company itself guilty.

It is next claimed that the verdict and judgment acquitting Warren precluded any judgment against the appellant, on the principle announced in *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649. But here, again, we think the appellant has mistaken the evidence. Had the prosecution been instigated wholly by Warren, and were the appellant liable only because of the doctrine of *respondeat superior,* the analogy might be complete. But Warren did not act wholly on his own volition. The prosecution was at least sanctioned and counseled by the trustees of the company, if it was not directed by them. This evidence warranted a finding on the part of the jury against the company, although they found the president not liable.

After the discharge of the respondents by the justice of the peace, they had a transcript made of the testimony introduced at the hearing, and at the trial below the court allowed them to prove as an element of damages the amount paid for this transcript. This was error. While the respondents were entitled to show as elements of damage in the present action all necessary expenses incurred by them in making

their defense before the justice of the peace, a transcript of the proceedings made after they were discharged was not such an expense. However useful it might be to them for future reference it was in no sense necessarily incident to the proceedings, and not being so, it was not a legitimate element of damage.

While one of the respondents was on the witness stand his counsel read to him what purported to be the reasons given by the justice of the peace for refusing to hold the respondents for trial on the criminal charge, and asked him if the justice used that language. An objection was interposed by the appellant which the court overruled, after which the witness answered in the affirmative. This was also error. The evidence was not competent. As was said by the superior court of Georgia in *Anderson v. Keller*, 67 Ga. 58, passing upon a similar question:

"The question upon this trial was malice and the want of probable cause. The judgment of the magistrate discharging the plaintiff was admissible, but any reason given for that judgment should not have been admitted as evidence in this case. The plaintiff was entitled to its legal effect, but nothing more."

To the same effect are the following cases: *Dempsey v. State*, 27 Tex. App. 269; *Chapman v. Dodd*, 10 Minn. 350; *Martin v. Corscadden*, 34 Mont. 308, 86 Pac. 33; *Apgar v. Woolston*, 43 N. J. L. 57.

Counsel for respondents argues in this court that the admission of this evidence was not prejudicial even though it be erroneous, because, he says, it related to conceded facts. But appellant does not concede in this court that there was no probable cause for the arrest of the respondents, and we are unable to find in the record that such a concession was made in the court below. True, it presented evidence tending to show its nonliability, even conceding that its prosecution was not founded on probable cause, but this was not a waiver of the contention. It had the right to set up against

the respondents' cause of action as many defenses as it had, as long as they were consistent one with the other, and to offer evidence upon one was not a waiver of the others.

For the errors indicated, the judgment is reversed and a new trial awarded.

RUDKIN, MOUNT, and GOSE, JJ., concur.